UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HAMMOCK, | Case No. 2:21-cv-00529-KJM-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| CDCR, | ECF No. 15 |
| Defendant. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED, OR |
| | (2) FILE AN AMENDED COMPLAINT |
| | ECF No. 1 |
| | SIXTY-DAY DEADLINE |

    Plaintiff has filed a complaint alleging that defendants California Department of Corrections and Rehabilitation ("CDCR") and former California Attorney General Xavier Becerra violated his rights when unnamed CDCR employees used excessive force against him in 2014. ECF No. 1 at 5. The complaint does not make out a viable claim. I will give plaintiff a chance to amend his complaint before recommending that this action be dismissed. I will also grant his application to proceed *in forma pauperis*. ECF No. 15.

1

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Analysis

Plaintiff alleges that unnamed CDCR employees used excessive force against him in 2014. ECF No. 1 at 5. He claims that, as he was entering the meal hall at Mule Creek State Prison, he was asked to show his identification card. *Id.* Plaintiff attempted to show the card but fumbled and dropped it. *Id.* An unnamed person (or persons) then slammed him headfirst into a

2

1   wall. *Id.*

2   This claim cannot proceed. As an initial matter, plaintiff cannot bring a claim for money
3   damages against CDCR itself because CDCR is a state agency and as such is protected by
4   Eleventh Amendment immunity. *See Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir.
5   2009). And plaintiff does not explain how defendant Becerra was personally involved in the use
6   of force that injured him. Finally, I note that plaintiff's claim appears to be barred by the statute
7   of limitations insofar as it originated in 2014. Federal courts apply the state's statute of
8   limitations in section 1983 actions. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th
9   Cir. 2007). In California, the statute of limitations for personal injury actions is two years, but
10  prisoners serving a term less than life are entitled to two additional years. *See Jackson v. Fong*,
11  870 F.3d 928, 936 (9th Cir. 2017). Even assuming that plaintiff is entitled to the additional two
12  years, he is well past the four-year mark. If he files an amended complaint, he should explain
13  why his claim is not time-barred.

14  I will allow plaintiff a chance to amend his complaint before recommending that this
15  action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint
16  will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th
17  Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face
18  without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended
19  complaint is filed, the current complaint no longer serves any function. Therefore, in an amended
20  complaint, as in an original complaint, plaintiff will need to assert each claim and allege each
21  defendant's involvement in sufficient detail. The amended complaint should be titled "Amended
22  Complaint" and refer to the appropriate case number. If plaintiff does not file an amended
23  complaint, I will recommend that this action be dismissed.

24  Accordingly, it is ORDERED that:

25  1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 15, is granted.

26  2. Within sixty days from the service of this order, plaintiff must either file an
27  Amended Complaint or advise the court he wishes to stand by his current complaint. If he selects
28  the latter option, I will recommend that this action be dismissed for failure to state a claim.

3

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   October 5, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4